UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED  4 - 8 - 13
```

ALFRED CROWLEY,

                Plaintiff,

   -v-

ALLIEDBARTON SECURITY SERVICES,

                Defendant.

No. 12 Civ. 3299 (RJS)
ORDER

RICHARD J. SULLIVAN, District Judge:

Plaintiff Alfred Crowley brings this action against his former employer, Allied Barton Security, LLC, alleging that Defendant discriminated against him on the basis of his race in violation of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"). Before the Court is Defendant's motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons that follow, Defendant's motion is granted.

On a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007). Nevertheless, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). Thus, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*,

129 S.Ct. 1937, 1949 (2009).  If the plaintiff has not "nudged [his] claims across the line from conceivable to plausible, [his] complaint must be dismissed." *Twombly*, 550 U.S. at 570.[1]

In employment discrimination cases, the plaintiff need not plead facts establishing a prima facie case of discrimination to satisfy this standard. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 515 (2002); *see Arista Records LLC v. Doe 3*, 604 F.3d 110, 120-121 (2d Cir. 2010). However, the plaintiff's "claim must be facially plausible and must give fair notice to the defendants of the basis for the claim." *Fowler v. Scores Holding Co.*, 677 F.Supp.2d 673, 679 (S.D.N.Y. 2009).  Thus, an employment discrimination claim is properly dismissed where the plaintiff "failed to allege even the basic elements of a discriminatory action claim." *Patane v. Clark*, 508 F.3d 106, 112 & n. 3 (2d Cir. 2007).

To state a claim under Title VII, the plaintiff must plead facts supporting that "1) he belonged to a protected class; 2) he was qualified for his position; 3) he suffered an adverse employment action; and 4) the adverse employment action occurred under circumstances giving rise to an inference of discriminatory intent." *Terry v. Ashcroft*, 336 F.3d 128, 138 (2d Cir. 2003).  Plaintiff's sole allegation in the Complaint is that "Supervisor Elias accused me falsely of sleeping while on duty." (Compl. II.E.)  The Court advised Plaintiff of the shortcomings of his Complaint at the July 20, 2012 status hearing and permitted Plaintiff leave to file an Amended Complaint. (Doc. No. 12.)  The Court also extended the deadline to file an Amended Complaint at Plaintiff's request. (Doc. No. 16.)  To date, no Amended Complaint has been filed.  While the

---

[1] "If a complaint is sufficient to state a claim on which relief can be granted, the plaintiff's failure to respond to a Rule 12(b)(6) motion does not warrant dismissal." McCall v. Pataki, 232 F.3d 321, 323 (2d Cir. 2000).  However, "the sufficiency of a complaint is a matter of law that the court is capable of determining based on its own reading of the pleading and knowledge of the law." *Id.* at 322-23.  The Court ordered Plaintiff to respond to Defendant's motion to dismiss no later than March 6, 2013.  (Doc. No. 17.)  However, Plaintiff has failed to respond.  But because Plaintiff fails to state any plausible claim for relief, the Court does not hesitate to dismiss his Complaint in the absence of a response.

Court must construe Plaintiff's *pro se* Complaint liberally, no reading of the alleged facts gives rise to the inference that Plaintiff suffered an adverse employment action because of his race. *See Maldonado v. George Weston Bakeries*, 441 F. App'x 808, 809 (2d Cir. 2011) (affirming dismissal under 12(b)(6) when *pro se* plaintiff merely listed his date of birth and asserted showing that "other similar altercation cases were given preferential treatment"). While Plaintiff states that he is a member of a protected class, he nowhere alleges that his termination was related to this status. Plaintiff may believe his termination was unfair, but that belief alone is insufficient to sustain an employment discrimination action. *See Graziano v. N.Y. State Police*, 198 F. Supp. 2d 570, 576 (S.D.N.Y. 2002), *aff'd*, 142 F. App'x 5, 7 (2d Cir. 2005). Accordingly, Defendant's motion to dismiss is GRANTED. The Clerk of Court is respectfully requested to close the motion pending at Doc. No. 18 and to close this case.

SO ORDERED.

Dated:          April 5, 2013
                New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE

3

<u>A copy of this Order was sent to Plaintiff</u>:
Alfred Crowley
910 Thieriot Ave., Apt. 3F
Bronx, NY 10473